# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

MTISHA JACKSON                                                              PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 3:15cv212-TSL-RHW

HOMECAREPLUS MEDICAL SUPPLY                                                 DEFENDANT

## REPORT AND RECOMMENDATION

This *pro se* case is before the Court for *sua sponte* consideration of dismissal. Plaintiff Mtisha Jackson filed her one-page complaint [1] and accompanying motion for leave to proceed *in forma pauperis* (IFP) [2] on March 23, 2015.[1] Plaintiff complains that Defendant Homecareplus Medical Supply company advised her she needed a "license of medical usage" or "medical field license" to obtain drugs or medical supplies from Defendant; that she could not obtain medical supplies from Defendant merely because she "went to school for medical assisting" to work with doctors, RNs and LPNs. [1] Although the civil cover sheet filed with the complaint describes Plaintiff's cause of action as "claim+discrimination," the complaint contains no allegations demonstrating that this Court has jurisdiction, provides no facts from which the Court may find Plaintiff is entitled to relief, and contains no demand for relief.

On March 24, 2015, the undersigned entered order [3] explaining to Plaintiff that Rule 8, FED.R.CIV.P., requires that a pleading stating a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. The order directed Plaintiff to file an amended complaint by April 13, 2015 to provide this essential information. Plaintiff filed nothing further.

---

[1]This is one of 21 lawsuits filed by Mtisha Jackson since September 2, 2014. To date, the Court has dismissed 12 of the lawsuits; Reports and Recommendations recommending dismissal are pending in three others.

**Discussion**

Under 28 U.S.C. § 1915(a), the Court may allow a plaintiff to proceed without the prepayment of fees. However, the court must "dismiss [an IFP] case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "A claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F.App'x 435 (5th Cir. 2013)(citation and internal quotation marks omitted).

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556, 570).

By order [4] entered April 15, 2015, the undersigned granted Plaintiff's motion to proceed IFP. This makes her complaint subject to *sua sponte* dismissal under § 1915. Jackson's complaint is that Defendant medical supply company told her she would need a "license of medical usage" or "medical field license" to obtain drugs or medical supplies from Defendant. [1] After carefully reviewing the complaint the undersigned is unable to determine the factual circumstances giving rise to Jackson's claim, the legal basis for her claim, the type of relief she is seeking or even whether the Court has jurisdiction. "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Federal courts are courts of limited jurisdiction and must dismiss an action, *sua sponte*, if jurisdiction is lacking. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED.R.CIV.P. 12(h)(3). Review of Plaintiff's complaint reveals no federal claims, and it contains no allegation indicating jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 might exist.

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that this case be dismissed *sua sponte* for failure to state a claim upon which relief may be granted, and/or for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the Report and Recommendation. A party must file objections with the

clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he/she objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within 14 days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object. *Douglass v. United Services Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 15th day of April, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE